**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number *(if known)*: _____

Chapter you are filing under:
- ☐ Chapter 7
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | Certa Dose, Inc |
| 2. **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 46-3291747 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 101 Avenue of the Americas | |
| Number        Street | Number        Street |
| 3rd Floor | |
| | P.O. Box |
| New York          NY      10013 | |
| City              State      ZIP Code | City              State      ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| New York County | |
| County | Number        Street |
| | |
| | City              State      ZIP Code |

| | |
|---|---|
| 5. **Debtor's website** (URL) | https://www.certadose.com/ |
| 6. **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding  LLP) <br> ☐ Other. Specify: _____ |

Debtor    Certa Dose, Inc _____    Case number *(if known)*_____
Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.    District _____    When _____    Case number _____
MM / DD / YYYY

District _____    When _____    Case number _____
MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes.    Debtor _____    Relationship _____

District _____    When _____
MM / DD / YYYY

Case number, if known _____

| Debtor | Certa Dose, Inc | Case number *(if known)* |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| | |
|---|---|
| Number | Street |

_____

| | | |
|---|---|---|
| City | State | ZIP Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☑ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| Debtor | Certa Dose, Inc | Case number (if known) |
|--------|-----------------|------------------------|
|        | Name            |                        |

**16. Estimated liabilities**

☐ $0-$50,000  ☐ $1,000,001-$10 million  ☐ $500,000,001-$1 billion
☐ $50,001-$100,000  ☐ $10,000,001-$50 million  ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000  ☑ $50,000,001-$100 million  ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million  ☐ $100,000,001-$500 million  ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

**WARNING** --  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/30/2021
             MM  /  DD  /  YYYY

✖ /s/ Caleb S. Hernandez                      Caleb S. Hernandez
Signature of authorized representative of debtor    Printed name

Title  President

**18. Signature of attorney**

✖ /s/ Norma Ortiz                      Date  05/30/2021
Signature of attorney for debtor            MM   /  DD  /  YYYY

Norma Ortiz
Printed name
Ortiz & Ortiz, LLP
Firm name
35-10 Broadway Ste 202
Number        Street
Astoria                                    NY          11106
City                                       State        ZIP Code
7185221117                                 email@ortizandortiz.com
Contact phone                              Email address

2206530                                    NY
Bar number                                 State

---

Alan C. Friedberg
Berg Hill Greenleaf Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302

Alan Young Synn
1302 S. Uinta Ct., Denver
Denver, CO 80231

Anthony R. Mayer
210 University, Blvd., Suite 650
Denver, CO 80206

Brian Harrington
769 Sandhill Cir.
Steamboat Springs, CO 80487

Caleb Hernandez
PO Box 838
Denver, CO 80201

COPIC Insurance Company
7351 E Lowry Blvd #400
Denver, CO 80230

Davis Hurley
7441 E 8th Ave, Denver
Denver, CO 80230

Department of Revenue
Taxation Division
P.O. Box 17087
Denver, CO 80217

Fortis Law Partners
Certa Dose, Inc
1900 Wazee Street, Ste. 300
Denver, CO 80202

Frederick J. Baumann
LEWIS ROCA ROTHGERBER CHRISTIE LLP
1200 17th Street, Suite 3000
Denver, CO 80202

Geraldine Lewis-Jenkins
139 Harrison St, Denver
Denver, CO 80206

Internal Revenue Service
PO Box 7346
Centralized Insolvency Agency
Philadelpia, PA 19101-7346

Kevin M. Shea
Richilano Shea LLC
1800 15th Street, Suite 101
Denver, CO 80202

LFD III GRAT U/A 8.26.15
1130 S. Franklin Street
Denver, CO 80210

Marshall Dennehey
2000 Market Street, Suite 2300
Philadelphia, PA 19103

Matthew Fleishman
260 Monroe St, Denver
Denver, CO 80206

Matthew R. Groves
Groves Law LLC
281 South Pearl Street
Denver, CO 80209

Niles Cole
703 S Hudson St, Denver
Denver, CO 80246

NYS Dept of Tax And Finance
Bankruptcy Section
PO Box 5300
Albany, NY 12205-0300

Phoebe Fisher
490 Apple Grove Rd.
Coatesville, PA 19320

Stephen R. Hoffenberg
48 Brookhaven Drive
Littleton, CO 80123

The Law Office of Josue D. Hernandez
Certa Dose, Inc
P.O. Box 8383
Denver, CO 80201

Theodore Clarke
25149 US Highway 40
Golden, CO 80401


Thomas S. Cowan
1001 Michigan Avenue
Wilmette, IL 60091


Tyler M. Nemkov
LEWIS ROCA ROTHGERBER CHRISTIE LLP
1200 17th Street, Suite 3000
Denver, CO 80202


U.S SBA
Aattn: Diana Mukiibi
10737 Gateway West, #300
El Paso, TX 79935

ORTIZ & ORTIZ, L.L.P.
35-10 Broadway, Ste. 202
Astoria, New York  111060
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
*Proposed Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

CERTA DOSE, INC.                                        Case No.


                           Debtor.                      Chapter 11
--------------------------------------------------------X

## AFFIDAVIT PURSUANT TO LOCAL RULE 1007-2

Dr. Caleb Hernandez, president of the above-captioned debtor in possession (the "Debtor"), hereby swears as follows:

1.      **Describe the Nature of the Business and the Circumstances Leading to the Debtor's filing under Chapter 11**:   Through my efforts, Certa Dose, Inc. (the "Debtor"), a pharmaceutical technology company that has developed a proprietary and patented method of delivering medicine to children and others in a safer way that significantly reduces, and virtually eliminates, the risk of a life-threatening medical overdose. (Medical mistakes are the third leading cause of death in the United States, and are three times more common in children than in adults.) It is a Delaware corporation I founded that commenced operations in Colorado to help bring this life-saving technology to market. The principal business of the Debtor is developing, selling and licensing pharmaceutical products and technology.  It conducts it business from its New York office.  Most of the company's revenues have been generated from its New York

office as well. The Debtor's products are being used by many municipalities to assist in the COVID-19 vaccination effort.

2.      In 2016, COPIC Insurance Company ("COPIC"), a medical malpractice insurance company, invested in the Debtor.  At that time, COPIC and the Detor were dually represented by the law firm Cooley, LLP ("Cooley").  However, Cooley did not disclose to the Debtor that this dual representation presented an inherent conflict of interest.  Cooley advised COPIC extensively as to its rights under corporate documents that involved the Debtor, as well as the convertible note agreements that COPIC later obtained from the Debtor, but the firm did not adequately counsel the Debtor despite its promise to do so.

3.       Between 2016 and the end of 2018, COPIC placed two directors on the Debtor's Board of Directors:  Steve Rubin and Stephen Hoffenberg.  Although these two individuals were fiduciaries of the Debtor, they did not disclose COPIC'S intent to saddle the Debtor with debt. Steve Rubin and Stephen Hoffenberg held secret meetings with Cooley and were well aware of COPIC'S intentions for the Debtor.  Steven Rubin was on COPIC's Board and, at one point, informed the Debtor that he was not really bound by fiduciary duties to the Debtor because he owed fiduciary duties to COPIC.

4.      In 2018, Steven Rubin, COPIC's President and Board member, persuaded me to make Stephen Hoffenberg an Independent Director of the Debtor.  Mr. Rubin and other COPIC-affiliated Board members recommended that I become CEO and Chairman of the Board and relocate to New York from Colorado.  John Blood was engaged to serve as CFO to handle the day to day operations in Colorado in 2019.

5.      John Blood began incurring an inordinate amount of expenses on behalf of the

2

Debtor.  He permitted Cooley to increase their billing rates without informing the Board and

permitted the firm to bill the Debtor $30,000 a month in legal fees for work that could have been

performed by another firm at a much lower rate.  He hired a large number of employees and paid

them above-market salaries with benefits for jobs that were previously done on an "as needed"

basis by outsourced services at a fraction of the cost.  In short, John Blood caused the Debtor to

expend  roughly $8,000,000 dollars of funds that had been raised through convertible  promissory

notes by August of 2019.  He caused the Debtor to spend roughly $500,000 a month over my

objections.

6.    I later discovered that these harmful acts were intentionally planned to cause the

Debtor to lose value so that the company could be acquired through a hostile takeover.  John

Blood admitted to an employee of the Debtor that he would receive compensation from

investors for his efforts.  The Debtor suspended Mr. Blood and conducted an investigation of his

activities.  I learned that the accountant and controller informed Mr. Blood that the spending was

fiscally unsound.  John Blood engaged in numerous actions that harmed the company and were

designed to place the Debtor in a weakened position so that a sale of the company for a low value

could benefit his affiliated investors.

7.    While this excessive spending was occurring, John Blood and the COPIC-

affiliated Board members pushed for opening another round of bridge financing in 2018 and

2019.  Efforts were made by John Blood and the COPIC-affiliated Board members to keep the

original investors from investing. As such, this round of investors were affiliated with John

Blood and COPIC rather than the Debtor's original investors. During this period, the

COPIC-affiliated Board members routinely vetoed and thwarted my investment

3

opinions and efforts by others to invest in the Debtor. Additionally, during this time,

COPIC had the power to amend the notes, including their own. This entitled COPIC

to assert power over the Debtor since COPIC could manipulate the notes so that they

could never reach a maturity date: this would preclude other investors from investing

in the company. COPIC also convinced me to sign over the intellectual property to

the Debtor for no consideration.

8.      By September and October of 2019, the Debtor was in the zone of

insolvency and it was apparent that COPIC was trying to take control of the company

from the other shareholders and leave the investors that were not affiliated with John

Blood or COPIC in a threatened and/or desperate position. During this time, Steven

Rubin insisted that the Board did not owe a duty to their investors. However, I was highly

concerned about the duty owed to investors and COPIC'S lack of acknowledgment that a duty

was owed to these investors.

9.      At this time, the Board voted to investigate the waste created by John

Blood and the nature of the Series A round of investment that the COPIC-affiliated Board

Members and John Blood were urging the Debtor to undertake. However, after the measure was

approved, it was later opposed by the COPIC-affiliated Board Members: they stated they would

oppose an investigation and would not cooperate. The COPIC-affiliated Board Members also

attempted to schedule a meeting in October of 2019 to forge through the Series A without an

investigation.

10.      In response to these actions, the majority of the shareholders voted to suspend the

4

COPIC-affiliated Board members and John Blood.  The Debtor offered to reinstate the Board

members once they turned over their communications with their affiliated investors and disclosed

the actual nature of the Series A they had proposed.  At the same time, I asked Cooly for

information, but the firm refused to provide information without the full Board's consent,

including the COPIC-affiliated Board members.  At this point, John Blood resigned from the

Company but did not turn over the requested investment documents. Steve Hoffenberg also

resigned from the Board.

11.    Since that time, the Debtor has been saddled by a score of litigation claims that

have been beenenced by or prosecuted against the Debtor.  The Debtor's economic difficulties

have accumulated over time and are a direct result of the misdeeds and breach of fiduciary duty

by the COPIC-affiliated investors, former officer, and former Board members.  The litigation has

caused the Debtor to incur significant legal costs.  Most recently, a Colorado state court granted

summary judgment on the notes sued upon by the investors that have forced the Debtor to seek

relief before the Court.  The Debtor projects its sales will substantially increase and will

successfully emerge from Chapter 11.

12.    **If the case originally was commenced under chapter 7 or chapter 13, the
name and address of any trustee appointed in the case and, in a case originally commenced
under chapter 7, the names and addresses of the members of any creditors' committee**:   No

prior bankruptcy case was filed by the Debtor.

13.    **State the names and addresses of the members of, and attorneys for, any
committee organized prior to the order for relief in the chapter 11 case, and a brief
description of the circumstances surrounding the formation of the committee and the date**

5

**of its formation**:   No committee was formed prior to the bankruptcy filing.

14.    **List the names, addresses, telephone numbers, person(s) familiar with the Debtor's account, amount of the claim, and whether the claim is contingent, unliquidated, disputed, or partially secured of the Debtor's 20 largest non-insider unsecured creditors:** See list annexed as Exhibit A.

15.    **List the names, addresses, telephone numbers, person(s) familiar with the Debtor's account, amount of the claim, and whether the claim is contingent, unliquidated, disputed, or partially secured of the Debtor's 5 largest secured creditors**:   See list annexed as Exhibit A.

16.    **Provide a summary of the Debtor's assets and liabilities**:  See list annexed as Exhibit A.

17.    **Provide the number and classes of shares of stock, debentures, or other securities of the Debtor that are publicly held, and the number of record holders thereof, listing separately those held by each of the debtor's officers and directors and the amounts so held**:   None.

18.    **List of all of the debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity, giving the name, address, and telephone number of each such entity, the title of any proceeding relating thereto, and the court in which it is pending**: There is no such property.

19.    **Provide a list of the premises owned, leased, or held under any other arrangement from which the Debtor operates its business:**   The Debtor leases office space in

6

New York and Colorado.  The Debtor's principal place of business and office address is 101

Avenue of the Americas, 3rd Flr., New York, New York 10013.

20.    **Describe the location of the debtor's significant assets, the location of its books and records, and the nature, location, and value of any assets held by the Debtor outside the territorial limits of the United States:**    The Debtor does not own any assets outside of the United States.

21.    **Describe the nature and present status of each action or proceeding, pending or threatened, against the debtor or its property where a judgment against the debtor or a seizure of its property may be imminent**    See list annexed as Ehibit A.

22.    **List the names of the Debtor's existing senior management, their tenure with the Debtor, and a summary of their relevant responsibilities and experience**:  At this time, I am primarily responsible for the management of the Debtor.  I am supported by my controller, my in-house counsel, and my sales manager.

23.    **List the estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, partners and members) for the 30-day period following the filing of the chapter 11 petition**:  The Debtor's average weekly payroll, at this time, is approximately $15,0000.

24    **List the amount to be paid for services in the (30) day period following the filing of the chapter 11 petition, to (A) officers, stockholders, and directors of corporate debtors, (B) individual debtors, (C) partners of partnership debtors, and (D) financial or business consultants retained by the debtor:**  I earn approximately $41,000 a year.  There are no other payments to officers, stockholders, directors, of consultants anticipated in the next

7

thirty days.

25      **Provide a schedule, for the thirty (30) day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, and any other information relevant to an understanding of the foregoing**:   See list annexed as Exhibit A.

I hereby declare that the foregoing is accurate and true to the best of my knowledge and belief.

Dated: May 30, 2021
       New York, New York

                                            *S/Caleb Hernandez*
                                            Caleb Hernandez, President

*s/Norma E. Ortiz*
Sworn to me this 30th day of May 2021.

Notary Public, State of New York
Registration No. 02OR6302493
Certificate filed in New York County
Commission Expires 05/05/2022

8

## Exhibit A

Persons Familiar with Debtor's Non-Insider Unsecured Claims

*(List the names, addresses, telephone numbers, person(s) familiar with the debtor's account, amount of the claim, and whether the claim is contingent, unliquidated, disputed, or partially secured of the Debtor's 20 largest non-insider unsecured creditors.)*

| Creditor | Contact Information | Amount of Claim | Status of Claims |
|---|---|---|---|
| List of the 20 Largest Unsecured Creditors to be  ro  ided | | | |

Persons Familiar with Debtor's Secured Claims

*(List the names, addresses, telephone numbers, person(s) familiar with the Debtor's account, amount of the claim, and whether the claim is contingent, unliquidated, disputed, or partially secured of the debtor's 5 largest secured creditors.)*

| Creditor | Contact Information | Amount of Claim | Status of Claims |
|---|---|---|---|
| U.S SBA | Diana Mukiibi El Paso Disaster Home Loan Servicing Center 10737 Gateway West, #300, El Paso, TX 79935 | $150,000 | Payments made as agreed. |
| Caleb Hernandez | 7351 East Lowry Boulevard, Suite 400 Denver, CO 80230 Caleb@certadose.com | $77,000,000 | Pending |

5

## Summary of Assets and Liabilities

| | |
|---|---|
| **Real Property** | None |
| **Personal Property** | Cash, accounts receivable, intellectual property, and related tangible personal property. |
| **Secured Debt** | Approximately $77,150,000 in secured debt. |
| **Unsecured Debt** | Approximately $5,300,000.00 in unsecured debt. |

### Estimated Thirty (30) Cash Receipts and Disbursements

*(Provide a schedule, for the thirty (30) day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, and any other information relevant to an understanding of the foregoing*)

| Income | | Expenses | |
|---|---|---|---|
| *Source* | *Amount* | *Type* | *Amount* |
| Sales | Approx. $60,000 | Payroll | Approx. $36,000 |
| | | Rent | $1,200 |
| | | Other | Approx. $32,800 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | Total | Approx. $70,000 |

6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

Certa Dose, Inc.,                                                         Case No.


                                           Debtor.            Chapter 11
--------------------------------------------------------X


**CORPORATE OWNERSHIP STATEMENT  PURSUANT TO FED. R. BANKR. P.
1007(a)(1) AND 7007.1 AND LOCAL BANKR. RULE 1007-3**

Pursuant Fed. R. Bankr. Proc. 1007(a)(1) and 7007.1 and Local Bankr. Rule 1007-3,

Certa Dose, Inc., as debtor and debtor in possession in the above captioned chapter 11 cases (the

"Debtor"), respectfully represents:

The undersigned, being an officer and shareholder of the Debtor, hereby states that there

are no entities that directly or indirectly own 10% or more of any class of the debtor's equity

interest.


Dated: May 30, 2021
Queens, New York


                                            /s/Caleb S. Hernandez
                                           Caleb S. Hernandez, President

# CERTIFICATE OF CORPORATE RESOLUTION OF

## *CERTA DOSE, INC.*

The undersigned, President of Certa Dose, Inc. (the "President"), a Delaware Corportation (the "Company"), hereby certifies as follows:

1.  The following resolution was duly and unanimously adopted by a majority of the directors of the Company at a meeting duly called and held on <u>5/30/2021</u>, at which a quorum of the directors was present and acting throughout the meeting, and said resolutions have not been amended and are in full force and effect:

    RESOLVED. that it is in the best judgment of the Board Of Directors that the Company commence a voluntary chapter 11 proceeding for reorganize its business and economic affairs. It is further

    RESOLVED, that the Company is authorized to open a debtor in possession bank account and take all other steps necessary to ensure that it fully complies with applicable state and federal laws in connection with its bankruptcy case. It is further

    RESOLVED, that the Company is authorized to retain Ortiz & Ortiz LLP as its bankruptcy counsel and retain any other professionals necessary to prosecute its **bankruptcy case.**

2.  Appearing below are the names of the persons authorized by the foregoing resolution to act on behalf of the Company, and appearing opposite their names are their positions and specimens of their true and correct signatures:

| <u>Name</u> | <u>Position</u> | <u>Signature</u> |
| --- | --- | --- |
| Caleb S. Hernandez | President | <u>/s/Caleb S. Hernandez</u> |

IN WITNESS WHEREOF, I have executed this certificate on the 30th day of May 2021. I swear that the foregoing is accurate and true.

<u>/s/Caleb S. Hernandez</u>
Secretary/President