UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In re:                                                    Case No: 21-11045-lgb

CERTA DOSE, INC.,                                Chapter 11

                              Debtor.

_____

### INTERIM ORDER GRANTING MOTION AUTHORIZING THE INTERIM USE OF CASH COLLATERAL AND SCHEDULING FINAL HEARING ON MOTION

Upon the Motion (the "Motion") of the Debtor Certa Dose, Inc. (the "Debtor"), by its proposed counsel, seeking entry of (1) an Interim Order authorizing the Debtor, pursuant to sections 105(a), 361, 362, 363(a), 363(c)(2)(3), 363(e), and 1107(a) of the Bankruptcy Code, Bankruptcy Rules 2002, 4001(b) and 9014, and Local Rule 4001-2, to use Cash Collateral, upon the terms and conditions set forth herein, pending a final hearing to be held before the Court on June ___, 2021 at ___:___ ___.m. (the "Final Hearing") and (2) following the Final Hearing, a final cash collateral order permitting the use of Cash Collateral (the "Final Order"); an emergency hearing having been held and concluded before me on June ___, 2021 to consider the entry of this order authorizing the Debtor's interim use of Cash Collateral (the "Interim Hearing"); and no objection having been filed to the Motion or raised at the Interim Hearing, or any objection(s) raised having been resolved or overruled by the Court; and it appearing that granting the interim relief requested is necessary to avoid immediate and irreparable harm to the Debtor and its estate pending the Final Hearing; and the request is fair and reasonable and in the best interests of the Debtor, its estate, its creditors and equity holders; and that granting the relief sought is essential to for the continued operation of the Debtor's business; and after due deliberation having been had, and sufficient cause appearing therefore, and adequate notice

having been given under the circumstances,

       **THE COURT FINDS AS FOLLOWS**:

      1.     *Commencement of Case*.   On May 30, 2021, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York thereby commencing this case (the "Case").   The Debtor is continuing to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no statutory committee of unsecured creditors (a "Committee") has been appointed in this Case.

      2.     *Jurisdiction and Venue*. The Bankruptcy Court has jurisdiction of the Case and the parties and the properties affected hereby pursuant to 28 U.S.C. §§ 157(b)(2)(D) and 1334. The Motion is a "core" proceeding as defined in 28 U.S.C. §§157(b)(2)(A), (B), (K), and (M). Venue of the Case and the applications in this Bankruptcy Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105, 361, 362, 363(c)(2), (3), and 364 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, and 6004, and Rule 4001-2 of the Local Bankruptcy Rules for the Southern District of New York.

      3     *Disposition*.   Any objections to the relief sought in the application with respect to the entry of this Order that have not been previously withdrawn, waived or settled, and all reservations of rights included therein, have been otherwise denied and overruled.

      4.     *Notice*.   Notice of the Motion and the relief requested therein and the relief sought at the Final Hearing hereof was served by the Debtor in accordance with Bankruptcy Rules 4001(b) and (c) and 2002 and no other or further notice of the relief provided   in this Order is necessary or required.

5.      *Debtor's Contentions Concerning Liens*.   As of the Petition Date, the Debtor

contends it was indebted to Dr. Caleb Hernandez ("Inventor"), pursuant to that certain

Settlement Agreement dated November 1, 2020 (the "Inventor Settlement Agreement") between

the Inventor and Debtor regarding the Debtor's key intellectual property assets ("IP Assets").

Debtor contends acknowledges and admits that as set forth in the Inventor Settlement Agreement

the amount of the liens secured by the Inventor Settlement Agreement is $77,000,000 and that

the extent of the liens under the Investor Settlement Agreement encumbers all of the Debtor's

now existing and hereafter acquired property and is made subject only to the prior-in-time lien of

the SBA (discussed below) (the "Inventor's Lien").   Debtor further acknowledges and admits

that its use of the IP Assets in its day-to-day business is subject to the terms and conditions of the

Inventor Settlement Agreement and the Debtor further admits   that cash on hand and amounts

generated by the IP Assets constitute proceeds of the collateral and, therefore, constitute "cash

collateral" within the meaning of section 363(a) of the Bankruptcy Code.

6.      The Debtor admits and has adequately demonstrated to the Court that it is

currently indebted to the U.S. Small Business Administration (the "SBA") for an Economic

Disaster Recovery Loan (the "Loan") it obtained in June 2020 in the amount of $150,000.00.

The amounts outstanding under the Loan are secured by, among other things, all of the Debtor's

tangible and intangible property (the "Collateral"), including, but not limited to, accounts and

deposit accounts, and any replacements for the Collateral. The Debtor granted the SBA a first

lien on the Collateral (the "SBA Lien"). The funds held by the Debtor in its deposit accounts on

the Petition Date constitute the SBA's cash collateral as that term is defined in 11 U.S.C.§

363(a).

7.      The Debtor adequately demonstrated that the Debtor's assets exceed the value

of the SBA's security interest and the amount of the Loan. The Debtor has submitted sufficient

evidence that, absent granting the relief sought by this Order, the Debtor's estate will be harmed.

The authority to use Cash Collateral in accordance with the terms of this Order and under the

terms of the Loan are in the best interests of the Debtor's estate and are consistent with the

Debtor's exercise of its fiduciary duties.

8.      During the initial two (2) week period after the entry of this Order (the "Interim

Period"), the estimated amount of expenses to be incurred by the Debtor is approximately

$42,644.

9.      The SBA appears to have a valid, perfected, and enforceable lien and security

interest in the Debtor's assets, including all deposit accounts, accounts receivable, and proceeds

and products therefrom (collectively, the "Prepetition Collateral"), that is senior to the Inventor's

Lien.

10.     Good, adequate and sufficient cause has been demonstrated to justify the granting

of the interim relief requested herein.   The use of Cash Collateral is necessary to avoid

immediate and irreparable harm to the Debtor's business and operations and maintain the value

of its bankruptcy estate.   The use of the Cash Collateral is therefore vital to the preservation and

maintenance of the going concern value of the Debtor and its estate and will enhance the

prospects for a successful reorganization of the Debtor under chapter 11 of the Bankruptcy Code.

Based upon the foregoing, it is hereby

ORDERED, the Debtor is authorized to use Cash Collateral and all other accounts of the

Debtor for working capital and general operations purposes costs and expenses related to this

Chapter 11 Case which shall be limited to ordinary and necessary expenditures, in accordance

with the budget attached hereto as Exhibit "A" (the "Budget").   Pending a Final Hearing, the

SBA and Inventor is entitled to adequate protection of their asserted interests in the Cash

Collateral.   The SBA and Inventor are hereby granted the following adequate protection

(collectively, the "Adequate Protection"):

a. *Adequate Protection Lien*:   To provide adequate protection for

any diminution of value of the interests in the Collateral on account of the Debtor's use of the

property subject to the SBA Lien and the Inventor's Lien and the imposition of the automatic

stay, the SBA and Inventor are hereby granted, pursuant to and as limited by sections 361 and

363 of the Bankruptcy Code, valid, binding, enforceable and automatically perfected liens and/or

security interests (the "Adequate Protection Liens") in and upon all of the assets the Debtor

presently owns or hereafter acquires, including but not limited to all of the Debtor's now owned

and after-acquired cash, and cash collateral, any investment of such cash and cash collateral,

accounts receivable, any right to payment whether arising before or after the Petition Date, and

the proceeds, products, rents and profits of all of the foregoing prepetition and post-petition

assets and properties (tangible, intangible, real, personal and mixed), whether now existing or

newly acquired or arising, and wherever located, including, without limitation, all receivables

and all cash ("Cash Collateral") (but excluding all avoidance actions ("Avoidance Actions")) for

the purposes of this Interim Order to the same validity, extent and priority as existed pre-petition;

provided that the SBA's and the Inventor's Adequate Protection Liens shall only be granted to

the extent permitted under sections 361 and 363 of the Bankruptcy Code, to the extent that the

SBA and Inventor would have been entitled to a security interest in such Cash Collateral under

applicable agreements, state and federal laws, and only to the extent of the allowed amount of

such lien calculated in accordance with section 506 of the Bankruptcy Code. The liens, pledges

and security interests granted to the SBA and Inventor are in addition to, and not in substitution

for, their existing security interests and liens.

b.      *Super-priority Claim*: As further adequate protection for any diminution in value

of its interests the property encumbered by the SBA Lien and the Inventor's Lien on and the

imposition of the automatic stay, the SBA and Inventor are hereby granted, pursuant to and as

limited by sections 361, 363 and 507(b) of the Bankruptcy Code, super-priority administrative

expense claims to the extent that the Adequate Protections Liens prove inadequate and with

priority over all administrative expense claims and unsecured claims against the Debtor or its

estate, now existing or hereafter arising, of any kind or nature whatsoever, including, without

limitation, administrative expenses of the kind specified in or ordered pursuant to sections 105,

326, 328, 330, 331, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent

permitted by law), 1113 and 1114 and any other provision of the Bankruptcy Code (the

"Adequate Protection Super-priority Claims"), provided, however, that the Adequate Protection

Super-priority Claims shall not attach to any Avoidance Actions.

c.      *Adequate Protection Payments*: In addition to the Adequate Protection Lien and

the Super-priority Claim in favor of the SBA, Debtor shall make the monthly installment

payments of $731.00 on the Loan as they come due and in accordance with the terms of the Loan

annexed as Exhibit A to the Motion. It is further

d.      *Carve Out for Fees and Expenses*:   Any replacement liens, adequate protection

liens, and super-priority claims granted hereunder are subject to the following fees, expenses,

and recoveries:   any and all quarterly fees due to the Office of the U.S. Trustee pursuant to 28

U.S.C. § 1930(a)(6) and interest due pursuant to 31 U.S.C. § 3717, any fees due to the Clerk of

the Bankruptcy Court pursuant to 28 U.S.C. § 156(c), the fees and expenses of a hypothetical

Chapter 7 trustee to the extent of $10,000, and the recovery of funds or proceeds from the

successful prosecution of avoidance actions pursuant to sections 502(d), 544, 545, 547, 548, 549,

550 or 553.

ORDERED, that the automatic stay provisions of section 362 are hereby modified to

permit the Debtor to implement and perform the terms of this Interim Order and permit the SBA

to perfect the Adequate Protection Lien.   The SBA and the Inventor shall not be required to file

UCC financing statements or any other instruments with any filing authority to perfect the

Adequate Protection Lien granted by this Interim Order or to take any other actions to perfect the

lien: the Adequate Protection Lien shall be deemed automatically perfected by the docketing of

this Interim Order by the Clerk of the Court.   If, however, the SBA shall elect for any reason to

file, record, or serve any such financing statements or other documents with respect to such liens,

the Debtor shall execute the necessary documents upon request, and the filing, recording, or

service of these documents shall be deemed to have been made at the time of the Petition Date.

In particular, the SBA may, in its discretion, file a certified copy of this Order in any jurisdiction

in which Debtor has or comes to have real or personal property, and in such event, the subject

filing/recording officer is hereby authorized and directed to file/record such certified copy. It is

further

ORDERED, that each of the following shall constitute an "Event of Default" for the

purposes of this Interim Order:

> The Debtor's Chapter 11 Case is dismissed or converted to a case under
> chapter 7 of the Bankruptcy Code;
>
> A chapter 11 trustee or examiner with expanded powers is appointed in the
> Debtor's Chapter 11 Case;

The Debtor violates the terms of the Inventor Settlement Agreement;

The Debtor ceases operations of its present business or takes any material action for the purpose of effecting the foregoing without the prior written consent of the SBA, except to the extent contemplated by the Budget or otherwise approved by the Court;

The Debtor expends any material amounts of funds or monies for any purpose other than those set forth in the Budget or as otherwise approved by the Court; and

The Debtor fails to comply with any of the terms of this Interim Order.

It is further

ORDERED, that any non-compliance or default with any term of this Interim Order shall not be deemed an Event of Default unless the SBA or the Inventor deliver written notice of such non-compliance or default to the Debtor's proposed counsel by electronically filing such a notice through the court's CM/ECF filing system in the instant Chapter 11 case and serving a copy by electronic mail upon counsel to the proposed Debtor, Norma E. Ortiz, Ortiz & Ortiz LLP, 35-10 Broadway, Ste. 201, Astoria, New York 11106, at email@ortizandortiz.com, and (2) the Debtor fails to cure the default within five (5) business days after counsel's receipt of such written notice.   Upon the occurrence of any Event of Default, the SBA may move before this Court, on five (5) business days' notice to the Debtor, to terminate the Debtor's use of Cash Collateral.   It is further

ORDERED, that from and after the date of this Interim Order and pending the Final Hearing and/or entry of any subsequent order, the funds disbursed pursuant to this Interim Order shall not, directly or indirectly, be used to pay administrative expenses of the Debtor and its estate except for those operating expenses that are set forth in the Interim Budget or with the written consent of the SBA.   It is further

ORDERED, that the terms and conditions of this Interim Order shall be (i) effective and immediately enforceable upon its entry by the Clerk of the Court notwithstanding any potential application of Bankruptcy Rules 6004(g), 7062, 9014 or otherwise; and (ii) not be stayed absent (a) an application by a party in interest for such stay in conformance with Bankruptcy Rule 8005 and applicable Local Rules, and (b) a hearing upon notice to the Notice Parties, the SBA, the Inventor, the Office of the United States Trustee, and the Debtor's counsel.   It is further

ORDERED, that the provisions of this Interim Order and any actions taken pursuant hereto shall survive entry of any orders which may be entered confirming any plan of reorganization or which may be entered converting any of this Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code or the appointment of a chapter 11 trustee, subject to the provisions of the Bankruptcy Code.   It is further

ORDERED, that the terms and provisions of this Interim Order, as well as the Adequate Protection Liens and all other claims and liens granted by this Order, shall: (a) continue in this Chapter 11 Case or any superseding case under the Bankruptcy Code; (b) be valid and binding upon, and inure to the benefit of, the SBA, the Debtor, and their respective successors and assigns, and all parties in interest, including, without any limitation, any official committee appointed in this Chapter 11 Case, a chapter 11 trustee, chapter 7 trustee, responsible officer, examiner, estate administrator, or representative, or similar person appointed for the Debtor under any chapter of the Bankruptcy Code; and (c) continue, notwithstanding any dismissal of the Debtor's Chapter 11 Case (and any such order of dismissal shall so provide), and such claims and liens shall maintain their priority as provided by this Interim Order until the Debtor's obligations to the SBA and

the Inventor are satisfied in full.   It is further

ORDERED, that the Court shall retain jurisdiction over all matters arising from or

relating to the implementation of this Interim Order.   It is further

ORDERED, that the provisions of this Interim Order and the Debtor's right to use

Cash Collateral shall expire on June ___, 2021, unless extended by further order of this

Court or by written consent of the parties "So Ordered" by the Court.   It is further

ORDERED, that the Debtor is directed to serve a copy of this Interim Order on

the Office of the United States Trustee, the Notice Parties, counsel for the SBA, and all

parties filing a notice of appearance, by facsimile, e-mail or regular mail, on or before

June _____, 2021.   It is further

ORDERED, that the Final Hearing shall take place before this Court on June ___,

2021 at :___.m.   Objections or responses, if any, to the proposed Final Order shall be

in writing, filed on the Court's electronic Docket, and served upon the Notice Parties and

on the proposed attorneys for the Debtor, Ortiz & Ortiz LLP, as well as all parties

appearing in this Chapter 11 Case, and the Clerk of this Court, no later than 4:00 p.m.

(Prevailing Eastern Time) on June ___, 2021.

Dated: New York, New York
June ___, 2021

_____
LISA G. BECKERMAN
U.S. BANKRUPTCY JUDGE