UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:                                            Case No: 21-11045-lgb

CERTA DOSE, INC.,                                 Chapter 11

                Debtor.

---

### INTERIM ORDER GRANTING DEBTOR'S MOTION TO PERMIT THE CONTINUED USE OF THE DEBTOR'S CASH MANAGEMENT SYSTEM AND BUSINESS FORMS AND SETTING FINAL HEARING ON MOTION

Upon the Motion (the "Motion") of the Debtor Certa Dose, Inc. (the "Debtor"), by its proposed counsel, seeking entry of an Interim Order To Permit the Continued Use of the Debtor's Cash Management System and Business Forms pursuant to §§ 105(a), 363, 364, and 503 of title 11 of the U.S. Code (the "Bankruptcy Code") and Fed. R. Bankr. Proc. 6003 and 6004; and a hearing on the Motion having been held on June 17, 2021; and proper and adequate notice of the Motion having been provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion and at the Hearing establish cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the relief requested in the Motion is granted. It is further

ORDERED, that the Debtor is authorized, but not required, to continue to use its cash management system and Pre-Petition Accounts (as identified in the Motion) and conduct banking transactions by all usual means so long as the Debtor distinguishes between pre-petition and post-petition transactions in its books and records and maintains reasonably detailed records of all of its banking and cash transactions. It is further

ORDERED, that the Debtor shall not permit the balance of the funds deposited in Pacific Western Bank to exceed $250,000.00, as required by the Federal Deposit Insurance Corporation's guidelines, until the Debtor has obtained the entry of an order confirming a Plan of Reorganization. It is further

ORDERED, that the Debtor is authorized to use, in its present form, all of its business forms without reference to its status as a debtor-in-possession other than the checks issued from the Debtor-in-Possession account it established with Axos Bank. It is further,

ORDERED, that the Debtor's request to waive the requirement that it open a separate tax and payroll account is granted. It is further

ORDERED, the Motion satisfies the requirements of Fed. R. Bankr. Proc. 6003(b) and Notice of the Motion satisfies Fed. R. Bankr. Proc. 6004(a)

ORDERED, notwithstanding the possible applicability of Bankruptcy Rules 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry. It is further

ORDERED, that the Court shall conduct a final hearing ("Final Hearing") on the Motion on July 7, 2021, at 10:00 a.m.  No later than three business days following the entry of this Order, the Debtor shall serve copies of the Motion, this Interim Order and a notice of the Final Hearing (the"Final Hearing Notice") and proposed final order, by first-class mail, postage prepaid, on the following parties: (a) the Office of the United States Trustee for the Southern District of New York; (b) all parties that have entered a notice of appearance, (c) the twenty largest unsecured creditors or the Debtor, and (c) and all secured and priority creditors of the Debtor.  It is further

ORDERED, that the Debtor is authorized to take all actions necessary to effectuate the

relief granted in this Interim Order in accordance with the Motion.

Dated: June 17th, 2021
New York, New York

                                                      **/s/ Lisa G. Beckerman**
                                                      LISA G. BECKERMAN
                                                      U.S. BANKRUPTCY JUDGE