UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In re:                                                     Case No: 21-11045-lgb

CERTA DOSE, INC.,                                          Chapter 11
                                    Debtor.

_____

### FIFTH INTERIM ORDER GRANTING MOTION AUTHORIZING
### THE USE OF CASH COLLATERAL

Upon the Motion (the "Motion") of the Debtor Certa Dose, Inc. (the "Debtor"), by its

counsel, seeking entry of (1) an Interim Order authorizing the Debtor, pursuant to sections

105(a), 361, 362, 363(a), 363(c)(2)(3), 363(e), and 1107(a) of the Bankruptcy Code, Bankruptcy

Rules 2002, 4001(b) and 9014, and Local Rule 4001-2, to use Cash Collateral pending a final

hearing on the Motion; and a Fourth Interim Order Granting Motion Authorizing the Use of Cash

Collateral on August 17, 2021, that permitted the Debtor to seek entry of the within order with

the consent of the secured creditors known as the U.S. Small Business Administration and Dr.

Caleb S. Hernandez; and the Debtor having represented to the Court that the secured creditors

have no objection to the relief sought herein; and the Court finding that the request is fair and

reasonable and in the best interests of the Debtor, its estate, its creditors, and equity holders; and

that granting the relief requested is essential to the continued operation of the Debtor's business;

and after due deliberation having been had, and sufficient cause appearing therefore, and

adequate notice having been given under the circumstances,

**THE COURT FINDS AS FOLLOWS**:

1.      *Commencement of Case*.  On May 30, 2021, (the "Petition Date"), the Debtor

filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the Southern District of New York thereby commencing this case (the

"Case").  The Debtor is continuing to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no statutory committee of unsecured creditors (a "Committee") has been appointed in this Case.

2.      *Jurisdiction and Venue*. The Bankruptcy Court has jurisdiction of the Case and the parties and the properties affected hereby pursuant to 28 U.S.C. §§ 157(b)(2)(D) and 1334. The Motion is a "core" proceeding as defined in 28 U.S.C. §§157(b)(2)(A), (B), (K), and (M). Venue of the Case and the applications in this Bankruptcy Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105, 361, 362, 363(c)(2), (3), and 364 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, and 6004, and Rule 4001-2 of the Local Bankruptcy Rules for the Southern District of New York.

3      *Disposition*.  Any objections to the relief sought in the application with respect to the entry of this Order that have not been previously withdrawn, waived or settled, and all reservations of rights included therein, have been otherwise denied and overruled.

4.      *Debtor's Contentions Concerning Liens*.  As of the Petition Date, the Debtor contends it was indebted to Dr. Caleb Hernandez ("Inventor"), pursuant to that certain Settlement Agreement dated November 1, 2020 (the "Inventor Settlement Agreement") between the Inventor and Debtor regarding the Debtor's key intellectual property assets ("IP Assets"). The Debtor contends acknowledges and admits that as set forth in the Inventor Settlement Agreement the amount of the liens secured by the Inventor Settlement Agreement is $77,000,000 and that the extent of the liens under the Inventor Settlement Agreement encumbers all of the Debtor's now existing and hereafter acquired property and is made subject only to the prior-in-time lien of the SBA (discussed below) (the "Inventor's Lien").  Debtor further acknowledges

and admits that its use of the IP Assets in its day-to-day business is subject to the terms and
conditions of the Inventor Settlement Agreement and the Debtor further admits that cash on hand
and amounts generated by the IP Assets constitute proceeds of the collateral and, therefore,
constitute "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code.

5.      The Debtor admits and has adequately demonstrated to the Court that it is
currently indebted to the U.S. Small Business Administration (the "SBA") for an Economic
Injury Disaster Loan (the "Loan") it obtained in June 2020 in the amount of $150,000.00.  The
amounts outstanding under the Loan are secured by, among other things, all of the Debtor's
tangible and intangible property (the "Collateral"), including, but not limited to, accounts and
deposit accounts, and any replacements for the Collateral. The Debtor granted the SBA a first
lien on the Collateral (the "SBA Lien"). The funds held by the Debtor in its deposit accounts on
the Petition Date constitute the SBA's cash collateral as that term is defined in 11 U.S.C.§
363(a).

6.      The Debtor adequately demonstrated that the Debtor's assets exceed the value
of the SBA's security interest and the amount of the Loan. The Debtor has submitted sufficient
evidence that, absent granting the relief sought by this Order, the Debtor's estate will be harmed.
The authority to use Cash Collateral in accordance with the terms of this Order and under the
terms of the Loan are in the best interests of the Debtor's estate and are consistent with the
Debtor's exercise of its fiduciary duties.

7.      During the period from September 8, 2021, through September 21, 2021 the
estimated amount of expenses to be incurred by the Debtor is $21,950.00.

9.      The SBA appears to have a valid, perfected, and enforceable lien and security

interest in the Debtor's assets, including all deposit accounts, accounts receivable, and proceeds

and products therefrom (collectively, the "Prepetition Collateral"), that is senior to the Inventor's

Lien.

10.    Good, adequate and sufficient cause has been demonstrated to justify the granting

of the relief requested herein.  The use of Cash Collateral is necessary to avoid immediate and

irreparable harm to the Debtor's business and operations and maintain the value of its bankruptcy

estate.  The use of the Cash Collateral is therefore vital to the preservation and maintenance of

the going concern value of the Debtor and its estate and will enhance the prospects for a

successful reorganization of the Debtor under chapter 11 of the Bankruptcy Code.  Based upon

the foregoing, it is hereby

ORDERED, the Debtor is authorized to use Cash Collateral and all other accounts of the

Debtor for working capital and general operations purposes costs and expenses related to this

Chapter 11 Case which shall be limited to ordinary and necessary expenditures, in accordance

with the budget attached hereto as Exhibit "A" (the "Budget").  The SBA and Inventor are

entitled to adequate protection of their asserted interests in the Cash Collateral.  The SBA and

Inventor are hereby granted the following adequate protection (collectively, the "Adequate

Protection"):

a. *Adequate Protection Lien*:  To provide adequate protection for any diminution of

value of the interests in the Collateral on account of the Debtor's use of the property subject to

the SBA Lien and the Inventor's Lien and the imposition of the automatic stay, the SBA and

Inventor are hereby granted, pursuant to and as limited by sections 361 and 363 of the

Bankruptcy Code, valid, binding, enforceable and automatically perfected liens and/or

security interests (the "Adequate Protection Liens") in and upon all of the assets the Debtor

presently owns or hereafter acquires, including but not limited to all of the Debtor's now owned

and after-acquired cash, and cash collateral, any investment of such cash and cash collateral,

accounts receivable, any right to payment whether arising before or after the Petition Date, and

the proceeds, products, rents and profits of all of the foregoing prepetition and post-petition

assets and properties (tangible, intangible, real, personal and mixed), whether now existing or

newly acquired or arising, and wherever located, including, without limitation, all receivables

and all cash ("Cash Collateral") (but excluding all avoidance actions ("Avoidance Actions")) for

the purposes of this Order to the same validity, extent and priority as existed pre-

petition; provided that the SBA's and the Inventor's Adequate Protection Liens shall only be

granted to the extent permitted under sections 361 and 363 of the Bankruptcy Code, to the extent

that the SBA and Inventor would have been entitled to a security interest in such Cash Collateral

under applicable agreements, state and federal laws, and only to the extent of the allowed

amount of such lien calculated in accordance with section 506 of the Bankruptcy Code. The

liens, pledges and security interests granted to the SBA and Inventor are in addition to, and not

in substitution for, their existing security interests and liens.

      b.    *Super-priority Claim*: As further adequate protection for any diminution in value

of its interests the property encumbered by the SBA Lien and the Inventor's Lien on and the

imposition of the automatic stay, the SBA and Inventor are hereby granted, pursuant to and as

limited by sections 361, 363 and 507(b) of the Bankruptcy Code, super-priority administrative

expense claims to the extent that the Adequate Protections Liens prove inadequate and with

priority over all administrative expense claims and unsecured claims against the Debtor or its

estate, now existing or hereafter arising, of any kind or nature whatsoever, including, without

limitation, administrative expenses of the kind specified in or ordered pursuant to sections 105,

326, 328, 330, 331, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent

permitted by law), 1113 and 1114 and any other provision of the Bankruptcy Code (the

"Adequate Protection Super-priority Claims"), provided, however, that the Adequate Protection

Super-priority Claims shall not attach to any Avoidance Actions.

       c.    *Adequate Protection Payments*:  In addition to the Adequate Protection Lien and

the Super-priority Claim in favor of the SBA, Debtor shall make the monthly installment

payments of $731.00 on the Loan as they come due and in accordance with the terms of the Loan

annexed as Exhibit A to the Motion. It is further

       d.    *Carve Out for Fees and Expenses*:  Any replacement liens, adequate protection

liens, and super-priority claims granted hereunder are subject to the following fees, expenses,

and recoveries:  any and all quarterly fees due to the Office of the U.S. Trustee pursuant to 28

U.S.C. § 1930(a)(6) and interest due pursuant to 31 U.S.C. § 3717, any fees due to the Clerk of

the Bankruptcy Court pursuant to 28 U.S.C. § 156(c), the fees and expenses of a hypothetical

Chapter 7 trustee to the extent of $10,000, the fees and expenses of proposed Debtor's counsel

Ortiz & Ortiz LLP, if approved by the Court, to the extent of $20,000 ("Legal Fee Carve-Out"),

and the recovery of funds or proceeds from the successful prosecution of avoidance actions

pursuant to sections 502(d), 544, 545, 547, 548, 549, 550 or 553. The Legal Fee Carve-Out may

not diminish the SBA's right to a super-priority claim in the event that there is a diminution of

the SBA's interest in the Debtor's Collateral.

       e.    *Money Market Account Carve-Out*:  Notwithstanding anything set forth herein,

the Adequate Protection Liens granted above shall not include any lien or other interest in and to

Money Market Demand Account Number XXXXXXX5032 held at Pacific Western Bank ("Pac

West Bank"), which account and all funds therein are subject a first priority security interest in

favor of Pac West Bank, pursuant to a certain Pledge and Security Agreement dated as of April 24, 2017 by and between the Debtor and Pac West Bank.  It is further

ORDERED, that the automatic stay provisions of section 362 are hereby modified to permit the Debtor to implement and perform the terms of this Order and permit the SBA to perfect the Adequate Protection Lien.  The SBA and the Inventor shall not be required to file UCC financing statements or any other instruments with any filing authority to perfect the Adequate Protection Lien granted by this Order or to take any other actions to perfect the lien: the Adequate Protection Lien shall be deemed automatically perfected by the docketing of this Order by the Clerk of the Court.  If, however, the SBA or the Inventor shall elect for any reason to file, record, or serve any such financing statements or other documents with respect to such liens, the Debtor shall execute the necessary documents upon request, and the filing, recording, or service of these documents shall be deemed to have been made at the time of the Petition Date. In particular, the SBA may, in its discretion, file a certified copy of this Order in any jurisdiction in which Debtor has or comes to have real or personal property, and in such event, the subject filing/recording officer is hereby authorized and directed to file/record such certified copy. It is further

ORDERED, that each of the following shall constitute an "Event of Default" for the purposes of this Order:

The Debtor's Chapter 11 Case is dismissed or converted to a case under chapter 7 of the Bankruptcy Code;

A chapter 11 trustee or examiner with expanded powers is appointed in the Debtor's Chapter 11 Case;

The Debtor ceases operations of its present business or takes any material action for the purpose of effecting the foregoing without the prior written consent of the SBA, except to the extent contemplated by the Budget or otherwise approved by the Court;

The Debtor expends any material amounts of funds or monies for any purpose other than those set forth in the Budget or as otherwise approved by the Court; and

The Debtor fails to comply with any of the terms of this Order. It is further

ORDERED, that any non-compliance or default with any term of this Order shall not be deemed an Event of Default unless the SBA or the Inventor deliver written notice of such non-compliance or default to the Debtor's proposed counsel by electronically filing such a notice through the court's CM/ECF filing system in the instant Chapter 11 case and serving a copy by electronic mail upon counsel to the proposed counsel for the Debtor, Norma E. Ortiz, Ortiz & Ortiz LLP, 35-10 Broadway, Ste. 201, Astoria, New York 11106, at email@ortizandortiz.com, and (2) the Debtor fails to cure the default within five (5) business days after counsel's receipt of such written notice.  Upon the occurrence of any Event of Default, the SBA and the Inventor may move before this Court, on five (5) business days' notice to the Debtor, to terminate the Debtor's use of Cash Collateral.  It is further

ORDERED, that the funds disbursed pursuant to this Fifth Interim Order shall not, directly or indirectly, be used to pay administrative expenses of the Debtor and its estate except for those operating expenses that are set forth in the Interim Budget or with the written consent of the SBA or the Inventor.  It is further

ORDERED, that the terms and conditions of this Order shall be (i) effective and immediately enforceable upon its entry by the Clerk of the Court notwithstanding any potential application of Bankruptcy Rules 6004(g), 7062, 9014 or otherwise; and (ii) not be stayed absent (a) an application by a party in interest for such stay in conformance

with Bankruptcy Rule 8005 and applicable Local Rules, and (b) a hearing upon notice to

the Notice Parties, the SBA, the Inventor, the Office of the United States Trustee, and the

Debtor's counsel.  It is further

ORDERED, that the provisions of this Order and any actions taken pursuant

hereto shall survive entry of any orders which may be entered confirming any plan of

reorganization or which may be entered converting any of this Chapter 11 Case to a case

under chapter 7 of the Bankruptcy Code or the appointment of a chapter 11 trustee,

subject to the provisions of the Bankruptcy Code.  -It is further

ORDERED, that the terms and provisions of this Order, as well as the Adequate

Protection Liens and all other claims and liens granted by this Order, shall: (a) continue

in this Chapter 11 Case or any superseding case under the Bankruptcy Code; (b) be valid

and binding upon, and inure to the benefit of, the SBA and Inventor, the Debtor, and their

respective successors and assigns, and all parties in interest, including, without any

limitation, any official committee appointed in this Chapter 11 Case, a chapter 11 trustee,

chapter 7 trustee, responsible officer, examiner, estate administrator, or representative, or

similar person appointed for the Debtor under any chapter of the Bankruptcy Code; and

(c) continue, notwithstanding any dismissal of the Debtor's Chapter 11 Case (and any

such order of dismissal shall so provide), and such claims and liens shall maintain their

priority as provided by this Order until the Debtor's obligations to the SBA and the

Inventor are satisfied in full.  It is further

ORDERED, that the Court shall retain jurisdiction over all matters arising from or

relating to the implementation of this Fifth Interim Order.  It is further

ORDERED, that the provisions of this Fifth Interim Order and the Debtor's right

to use Cash Collateral shall expire on September 21, 2021, unless extended by further

order of this Court or by written consent of the parties.

Dated: New York, New York
September  3rd, 2021

**/s/ Lisa G. Beckerman**
LISA G. BECKERMAN
U.S. BANKRUPTCY JUDGE