ORTIZ & ORTIZ, L.L.P.  
35-10 Broadway, Suite 201  
Astoria, New York  11106  
Norma E. Ortiz  
Tel. (718) 522-1117  
*Counsel for the Debtor*

**Hearing Date: Sept. 28, 2021**  
**Time: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re

CERTA DOSE, INC.                                Case No. 21-11045-lgb

                                                 Chapter 11

                        Debtor.  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF HEARING ON DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING ITS EXCLUSIVE PERIOD TO FILE AND SOLICIT ACCEPTANCES FOR A PLAN OF REORGANIZATION

**PLEASE TAKE NOTICE** that upon the annexed Motion dated September July10, 2021 (the "Motion"), of Certa Dose, Inc. (the "Debtor") the undersigned will move before the Honorable Lisa G. Beckerman, United States Bankruptcy Judge, in the United States Bankruptcy Court of the Southern District of New York, One Bowling Green, New York, New York  10004, on the **28th day of September, 2021 (the "Hearing Date"), at 10:00 a.m.**, or as soon thereafter as counsel may be heard, for the entry of an order extending the Debtor's exclusive time to file a plan of reorganization (the "Plan") and to solicit votes on the Plan pursuant to, among other things, 11 U.S.C. Section 1121(d).  The Debtor may request such other and further relief as is just and equitable at the hearing.

**PLEASE TAKE FURTHER NOTICE** that you need not appear at the aforesaid hearing if you do not object to the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), such Hearing shall be conducted

**telephonically** so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.  If you wish to appear at or attend the Hearing, you must refer to and comply with the Bankruptcy Court's guidelines for telephonic appearances3 and make arrangements with Court Solutions LLC by telephone at (917) 746-7476.

    **PLEASE TAKE FURTHER NOTICE**, that any response to the Motion must (a) be in writing and (b) must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov no later **than seven days prior to the hearing.**  If you do not have the ability to file a response electronically, the response may be filed with the Clerk of the Court by presenting the Clerk with a copy of the response.  A copy of the response must be provided to (a) the Chambers of the Honorable Lisa G. Beckerman and (b) Ortiz & Ortiz, L.L.P., 35-10 Broadway, Ste. 201, Astoria, New York  11106 by the date set forth above.  The response must comply with the Bankruptcy Rules and the local rules of the Court and must state with particularity the legal and factual bases for the response.

Dated:  Astoria, New York
       Sept. 10, 2021

                                               /s/Norma E. Ortiz
                                               Norma E. Ortiz
                                               Ortiz & Ortiz, L.L.P.
                                               35-10 Broadway, Suite 201
                                               Astoria, New York 11106
                                               Tel. (718) 522-1117
                                               *Counsel for the Debtor*

ORTIZ & ORTIZ, L.L.P.
35-10 Broadway, Ste. 201
Astoria, New York  11106
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302
email@ortizandortiz.com
*Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re

CERTA DOSE INC.,                                                    Case No. 21-11045-lgb

                       Debtor.                                          Chapter 11
----------------------------------------------------------X

**DEBTOR'S MOTION FOR ENTRY OF ORDER EXTENDING ITS EXCLUSIVE
PERIOD TO FILE AND SOLICIT ACCEPTANCES FOR A PLAN OF
REORGANIZATION**

TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE:

       Certa Dose Inc. (the "Debtor"), by and through its attorneys Ortiz & Ortiz, L.L.P., hereby moves hereby moves the Court for the entry of an order extending the Debtor's exclusive time to file a plan of reorganization (the "Plan") and to solicit votes on the Plan pursuant to, among other things, 11 U.S.C. Section 1121(d).  In support of this request, the Debtor states as follows:

**BACKGROUND**

      1.     The Debtor filed a voluntary Chapter 11 petition on May 30, 2021 (the "Petition Date").  The Debtor has operated as a debtor-in-possession pursuant to 11 U.S.C. § 1107.  No unsecured creditors' committee has been appointed in this case.

      2.     The Debtor is a pharmaceutical technology company formed under the laws of Delaware.  It commenced operations in Colorado and moved its corporate headquarters and

principal place of business to New York. The factual background of the Debtor and its operations are set forth the Declarations of Caleb Hernandez filed previously with the court and are respectfully incorporated herein by reference. ECF 36, 71.

3. The Debtor has prosecuted its case fully since the Petition Date by, among other things, obtaining the Court's approval for the use of cash collateral, seeking the entry of a Bar Date order, attending all hearings required by the Court and the Office of the U.S. Trustee, and engaging in discussions with potential sources of financing for a proposed Plan of Reorganization. The Debtor's president, Dr. Hernandez, has worked tirelessly to continue to grow the Debtor's business and work on the research and development of its products to ensure the Debtor's successful reorganization.

4. As the Court is aware, the Debtor has also spent an inordinate amount of time and resources defending against the actions taken by COPIC Insurance Company ('COPIC") since shortly after the Petition Date. In the relatively short period of time since the Petition Date, the Debtor has been forced to move the Court for the entry of an order imposing the automatic stay to prevent COPIC's prosecution of an action before the Delaware Chancery Court and has engaged in weeks of discovery and trial preparation to defend against COPIC's motion to transfer venue to the Bankruptcy Court in Colorado. Although the Debtor's president has never ceased his efforts to administer the Debtor's reorganization, COPIC's actions have required the Debtor to dedicate time and resources to issues unrelated to the Debtor's formulation of a Plan.

5. Despite these delays, the Debtor is confident that its actions since the Petition Date continue to further its ability to reorganize its affairs and to propose a Plan. The Debtor believes that once the Court fixes the date for filing claims, and the Debtor finalizes a source of

funding for the Plan, it will be poised to file the Plan and proceed to reorganize its affairs. The Debtor intends to seek the Court's approval of its retention of a financial advisor to further assist its reorganization.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction to consider this request pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

7.      The relief sought in this motion is based primarily upon Bankruptcy Code Section 1121(d), Fed. R. Bankr. P. 9006(b)(1), and Local Bankr. Rule 9006-2.

## RELIEF REQUESTED

8.      The Debtor seeks the entry of an order pursuant to Bankruptcy Code section 1121(d) extending the exclusive period within which it may file a plan and solicit acceptances thereto through and including January 25, 2022 and March 26, 2022, respectively. Bankruptcy Code section 1121(b) provides a debtor with the exclusive right to file a Chapter 11 plan of reorganization until 120 days after the date of the order for relief (the "Plan Period"). In this case, the Plan Period expires on September 27, 2021. Bankruptcy Code section 1121(c) provides a debtor with the exclusive right to solicit votes and obtain acceptances of a plan of reorganization for the subsequent 60 day period following the Plan Period (the "Solicitation Period") (collectively, the "Exclusivity Periods"). In this case, the Solicitation Period expires on March 26, 2022.

9.      A debtor's request to extend these deadlines is frequently granted in order to permit a debtor adequate time to develop a plan of reorganization. The exclusive period was

3

designed to give a debtor a full and fair opportunity to negotiate a plan without the threat or disruption caused by other parties in interest filing completing plans. In re Gialamas, No. Br. 18-13341, 2019 WL 2714829, at *1 (Bankr. W.D. Wis. June 27, 2019) (quoting *In re Michigan Produce Haulers, Inc.*, 525 B.R. 408, 411 (Bankr. W.D. Mich. 2015)); see also In re Borders Grp., Inc., 460 B.R. 818, 828 (Bankr. S.D.N.Y. 2011); In re Ames Dep't Stores, Inc., No. 90 B 11233 (JAG), 1991 WL 259036 at *3 (S.D.N.Y. Nov. 25, 1991). The courts determine the propriety of such a request upon the facts and circumstance of each particular case. Bankruptcy Code 1121 permits and extension of the Exclusivity Periods for "cause," but does not define the term "cause." As a result, the courts have flexibility when dealing with extensions of exclusivity. See In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); see also In re Pub. Serv. Co. of New Hampshire, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("As might be inferred from such a general standard, the legislative intent has been construed to leave the question to the reorganization court in the exercise of its discretion and to promote maximum flexibility to suit various types of reorganization proceedings.").

10.    The courts have fashioned a non-exclusive list of factors often relied upon when determining whether cause exists to extend a debtor's exclusivity period. In this District, those factors include the following:

- the size and complexity of the case;
- the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
- the existence of good faith progress toward reorganization;
- the fact that the debtor is paying its bills as they become due;

- whether the debtor has demonstrated reasonable prospects for filing a viable plan;

- whether the debtor has made progress in negotiations with its creditors;

- the amount of time which has elapsed in the case;

- whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

- whether an unresolved contingency exists.

E.g., In re Adelphia Communications Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); In re 221-06 Merrick Blvd. Assocs. LLC, 2010 Bankr. LEXIS 4431, *1, 2010 WL 5018265 (Bankr. E.D.N.Y. Dec. 3, 2010); In re Borders Group, Inc., 460 B.R. 818, 821-822 (Bankr. S.D.N.Y. 2011); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989).

11. A review of the circumstances of this case, in the light of the factors enumerated above, support a finding that cause exists to extend the Exclusive Periods. The Debtor is a small company with no more than three employees at this time. However, its products are life-saving in nature and have the potential to help save lives throughout the United States and around the world. Moreover, the claims asserted by COPIC and the parties that support its claims against the Debtor, and are asserted by the Debtor against COPIC, are complex in nature and must be resolved in order for the Debtor to finalize its reorganization. The Debtor must undergo its resolution of these claims and resolve the litigation that has plagued its operations for some time. A resolution of these claims will also address the vast majority of the claims asserted against the Debtor.

12. The Debtor has prosecuted it case in good faith since the Petition Date, has been

able to satisfy its post-petition expenses, and is not seeking an extension of time as a mere tactic to pressure its creditors.  The Debtor's case has only been pending for three and a half months and, as is commonly the case for Chapter 11 debtors, it requires additional time to propose a Plan.  It is in the best interests of creditors to permit the Debtor to focus on its reorganization efforts without the facing the interruption that would result from the filing of a plan by another party in interest.  For these reasons, the Court should find that cause exists to grant the relief requested by the Debtor.

13.    No previous request for the relief sought herein has been made by the Debtor to this Court or any other court.

WHEREFORE, the Debtor respectfully requests the entry of an order substantially in the form of the prefixed order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
      Sept. 10, 2021

<u>S/Norma Ortiz</u><br>
Norma E. Ortiz, Esq.<br>
Ortiz & Ortiz, L.L.P.<br>
35-10 Broadway, Ste. 201<br>
Astoria, New York  11106<br>
Tel. (718) 522-1117<br>
Debtor's Counsel

**DECLARATION OF CALEB HERNANDEZ**

ORTIZ & ORTIZ, L.L.P.
35-10 Broadway, Ste. 202
Astoria, New York  111060
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
*Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re

CERTA DOSE, INC.                                              Case No.


                             Debtor.                          Chapter 11
---------------------------------------------------------X

# DECLARATION OF CALEB HERNANDEZ

Dr. Caleb Hernandez, president of the above-captioned debtor in possession (the "Debtor"), hereby swears as follows:

1. I have reviewed the facts set forth in the Debtor's Motion to Extend the Exclusive Period to File a Plan of Reorganization and confirm they are accurate and true.

I hereby declare that the foregoing is accurate and true to the best of my knowledge and belief.

Dated: Sept. 10, 2021
           New York, New York


                                                              *S/Caleb Hernandez*
                                                              Caleb Hernandez, President

**PROPOSED ORDER**

ORTIZ & ORTIZ, L.L.P.
35-10 Broadway, Ste. 201
Astoria, New York  11106
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302
email@ortizandortiz.com
Debtor's Counsel

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re

CERTA DOSE INC.,                                                            Case No. 21-11045-lgb

                            Debtor.                                          Chapter 11
---------------------------------------------------------X

## ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER EXTENDING HIS EXCLUSIVE PERIOD TO FILE AND SOLICIT ACCEPTANCES FOR A PLAN OF REORGANIZATION

Upon the motion (the "Motion") of the above-captioned debtor (the "Debtor"), as debtor and debtor in possession herein, by its attorneys, for an order pursuant to section 1121(d) of the Bankruptcy Code extending the exclusive periods within which only the Debtor may file a Chapter 11 plan and solicit acceptances thereto; and good and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause existing therefor; it is

**ORDERED**, that the Motion be, and it hereby is, granted to the extent provided below; and it is further

**ORDERED**, that the Debtors' exclusive period to file a plan pursuant to Section 1121 of the Bankruptcy Code be, and it hereby is, extended through and including January 25, 2022, and

the Debtor's exclusive period for obtaining acceptances of such plan under Section 1121 of the Bankruptcy Code is extended through and including March 26, 2021; and it is further

**ORDERED**, that the extensions of the times provided herein are without prejudice to the Debtor's right to seek a further extension(s) of time under section 1121 of the Bankruptcy Code upon proper motion and notice.

Dated: _____, 2021
    New York, New York

_____
LISA G. BECKERMAN
U.S. BANKRUPTCY JUDGE