**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 21-11045-lgb |
| CERTA DOSE, INC., | Chapter 11 |
| Debtor. | **STIPULATED PROTECTIVE ORDER REGARDING CERTAIN CONFIDENTIAL INFORMATION** |

**WHEREAS**, on or about June 2, 2021, COPIC Insurance Co. ("COPIC") filed its motion pursuant to 28 U.S.C. § 1412 and Fed. R. Bankr. P. 1014(a)(2) to transfer venue to the United States Bankruptcy Court for the District of Colorado [ECF Doc. No. 36] (the "Motion");

**WHEREAS**, the above-captioned debtor-in-possession Certa Dose, Inc. ("Debtor") along with Dr. Caleb Hernandez ("Dr. Hernandez," and together with the Debtor and COPIC referred to collectively as, the "Parties," and individually a "Party") oppose the Motion;

**WHEREAS**, the Debtor requests that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c)(7) as made applicable to the proceedings relating to the Motion by virtue of Fed. R. Bankr. Proc. 7026 to protect the confidentiality of nonpublic sensitive information that it may need to disclose and use in connection with the Motion;

WHEREAS, COPIC has no objection to the entry of a protective order as outlined in this submission;

**WHEREAS**, the Parties, through counsel, agree to the following terms; and

**WHEREAS**, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the use of the materials identified in this Order

**IT IS HEREBY ORDERED** that any person subject to this Order—including without

limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms:

1. This Stipulation is being entered into to facilitate the production, exchange, discovery and use of documents and information that any party contends merit confidential treatment (hereinafter the "Documents" or "Testimony").

2. Any party may designate Documents produced, or Testimony given, in connection with the Motion as "confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, including information identifying ownership interest and identities, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients or in connection with the obligation in any agreement to maintain the confidentiality of such agreement.

(b) "Producing party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document

production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c) "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other material as Confidential Information. If the Producing party does not agree to declassify such document or material, the Receiving party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5. To designate information in a deposition transcript, a party may request that the court reporter mark those pages of the transcript containing Confidential. Such requests shall be made on the record whenever possible, but any party may designate portions of the transcript as "Confidential," provided that these designations are made in good faith and are given to the other parties in the action by September 17, 2021, except with respect to the deposition transcript of Daniel Hoffman, which will be given to the other parties in the action within one calendar day of the receipt of the transcript.

6. Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

a. personnel of a party actually engaged in assisting in the preparation of this action and who have been advised of their obligations hereunder;

b. counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c. the Court and court personnel;

d. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 8 hereof;

e. trial and deposition witnesses, if furnished, shown or disclosed in accordance with terms hereof; and

f. any other person agreed to by the parties.

7. Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this Motion and the resolution and prosecution thereof and for no other purposes.

8. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof. Any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and be advised they are subject to the terms hereof.

9. The parties are obligated to file a stipulation regarding the admissibility of as

many exhibits as possible (the "Admissibility Stipulation") by 5:00 pm on September 14, 2021 and provide two complete sets of the exhibits (the "Exhibits") to Chambers in indexed joint exhibit books by overnight mail sent on September 15, 2021, and shall provide the Exhibits to chambers by email on September 15, 2021. To the extent that the Admissibility Stipulation discusses confidentiality-based grounds for exclusion of an Exhibit or discusses confidential portions of Exhibits, then the Admissibility Stipulation shall be filed in redacted format along with a motion to seal the Admissibility Stipulation, and any corresponding motions *in limine* filed pursuant to the Chambers Rules shall be filed in redacted format along with motions to seal such motions *in limine*.

10. To the extent that there is an Exhibit that contains Confidential Information, there is information within the Exhibit that is not Confidential Information, and a party wishes to discuss or admit such information that is not Confidential Information at the Zoom evidentiary hearing on the Motion (the "Hearing"), then the parties shall agree upon a redacted form of the Exhibit that will be utilized for the purposes of screen sharing and showing the Exhibit to witnesses by September 14, 2021 at 5:00 pm. To the extent that the parties are unable to agree on a redacted form of any Exhibit, the parties will discuss the issues with the Court at 4:00 pm on Friday, September 17, 2021.

11. To the extent that there is an Exhibit that contains Confidential Information and a party wishes to show such Confidential Information to a witness at the Hearing, the party shall show the whole unredacted Exhibit to the witness, but any discussion involving the Confidential Information will be noted on the hearing transcript as "Confidential" and will not be filed on the public record.

12. Any written decision rendered by the Court with respect to the Motion will be

filed in redacted form if it explicitly references any Confidential Information.

13. To the extent that the Court requests any briefing in advance of or subsequent to the Hearing that would involve the filing of documents that contain Confidential Information, such documents shall be filed in redacted form and with a corresponding motion to seal.

14. Any Exhibits that are provided by the parties to the Court will not be filed by the Court.

15. A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to an including the time of trial. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to thirty (7) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such seven (7) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

16. Except as otherwise provided herein, any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

17. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or

information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

18. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

19. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

20. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate.

21. This Stipulation shall continue to be binding after the conclusion of the proceedings relating to this Motion except:

a. that a party may seek the written permission of the Producing party or further order of the Court with respect to dissolution or modification of any the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

22. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

23. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: New York, New York
September 13, 2021

**MEDINA LAW FIRM LLC**

/s/ Eric S. Medina
Eric S. Medina, Esq.
641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
212 404-1742
emedina@medinafirm.com
*Attorneys for Dr. Caleb Hernandez*

**ORTIZ & ORTIZ**

*s/Norma E. Ortiz*
Norma E. Ortiz, Esq.
Ortiz & Ortiz, L.L.P.
32-10 Broadway, Suite 202
Astoria, NY 11106
(718) 522-1117
email@ortizandortiz.com
Counsel to Certa Dose, Inc.

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

*/s/ Chad S. Caby*
Chad S. Caby, Esq.
Lewis Roca Rothgerber Christie LLP
1200 17th Street, Suite 3000
Denver, CO 80202
Tel. (303) 628-9583
ccaby@lewisroca.com
Counsel to COPIC Insurance Co.

**SO ORDERED**

**Dated: September 13, 2021**

**/s/ Lisa G. Beckerman**
HON. LISA G. BECKERMAN, U.S.B.J



115520923.1