UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────

In re:                                                                        Case No: 21-11045-lgb

CERTA DOSE, INC.,                                                  Chapter 11

                              Debtor.

───────────────────────────────────

## SIXTH INTERIM ORDER GRANTING MOTION AUTHORIZING THE USE OF CASH COLLATERAL

      Upon the Motion (the "Motion") of the Debtor Certa Dose, Inc. (the "Debtor"), by its counsel, seeking entry of (1) an Interim Order authorizing the Debtor, pursuant to sections 105(a), 361, 362, 363(a), 363(c)(2)(3), 363(e), and 1107(a) of the Bankruptcy Code, Bankruptcy Rules 2002, 4001(b) and 9014, and Local Rule 4001-2, to use Cash Collateral pending a final hearing on the Motion; and a Fourth Interim Order Granting Motion Authorizing the Use of Cash Collateral on August 17, 2021, that permitted the Debtor to seek entry of the within order with the consent of the secured creditors known as the U.S. Small Business Administration and Dr. Caleb S. Hernandez; and the Debtor having represented to the Court that the secured creditors have no objection to the relief sought herein; and the Court finding that the request is fair and reasonable and in the best interests of the Debtor, its estate, its creditors, and equity holders; and that granting the relief requested is essential to the continued operation of the Debtor's business; and after due deliberation having been had, and sufficient cause appearing therefore, and adequate notice having been given under the circumstances,

    **THE COURT FINDS AS FOLLOWS**:

    1.    *Commencement of Case*.  On May 30, 2021, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York thereby commencing this case (the

"Case"). The Debtor is continuing to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no statutory committee of unsecured creditors (a "Committee") has been appointed in this Case.

2. *Jurisdiction and Venue*. The Bankruptcy Court has jurisdiction of the Case and the parties and the properties affected hereby pursuant to 28 U.S.C. §§ 157(b)(2)(D) and 1334. The Motion is a "core" proceeding as defined in 28 U.S.C. §§157(b)(2)(A), (B), (K), and (M). Venue of the Case and the applications in this Bankruptcy Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105, 361, 362, 363(c)(2), (3), and 364 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, and 6004, and Rule 4001-2 of the Local Bankruptcy Rules for the Southern District of New York.

3. *Disposition*. Any objections to the relief sought in the application with respect to the entry of this Order that have not been previously withdrawn, waived or settled, and all reservations of rights included therein, have been otherwise denied and overruled.

4. *Debtor's Contentions Concerning Liens*. As of the Petition Date, the Debtor contends it was indebted to Dr. Caleb Hernandez ("Inventor"), pursuant to that certain Settlement Agreement dated November 1, 2020 (the "Inventor Settlement Agreement") between the Inventor and Debtor regarding the Debtor's key intellectual property assets ("IP Assets"). The Debtor contends acknowledges and admits that as set forth in the Inventor Settlement Agreement the amount of the liens secured by the Inventor Settlement Agreement is $77,000,000 and that the extent of the liens under the Inventor Settlement Agreement encumbers all of the Debtor's now existing and hereafter acquired property and is made subject only to the prior-in-time lien of the SBA (discussed below) (the "Inventor's Lien"). Debtor further acknowledges

and admits that its use of the IP Assets in its day-to-day business is subject to the terms and conditions of the Inventor Settlement Agreement and the Debtor further admits that cash on hand and amounts generated by the IP Assets constitute proceeds of the collateral and, therefore, constitute "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code.

5. The Debtor admits and has adequately demonstrated to the Court that it is currently indebted to the U.S. Small Business Administration (the "SBA") for an Economic Injury Disaster Loan (the "Loan") it obtained in June 2020 in the amount of $150,000.00.  The amounts outstanding under the Loan are secured by, among other things, all of the Debtor's tangible and intangible property (the "Collateral"), including, but not limited to, accounts and deposit accounts, and any replacements for the Collateral. The Debtor granted the SBA a first lien on the Collateral (the "SBA Lien"). The funds held by the Debtor in its deposit accounts on the Petition Date constitute the SBA's cash collateral as that term is defined in 11 U.S.C.§ 363(a).  The SBA has assigned its interest in the Loan and the SBA Lien to the Inventor and is no longer a creditor of the Debtor.

6. The Debtor adequately demonstrated that the Debtor's assets exceed the value of the SBA's security interest and the amount of the Loan. The Debtor has submitted sufficient evidence that, absent granting the relief sought by this Order, the Debtor's estate will be harmed. The authority to use Cash Collateral in accordance with the terms of this Order and under the terms of the Loan are in the best interests of the Debtor's estate and are consistent with the Debtor's exercise of its fiduciary duties.

7. During the period from September 21, 2021, through October 15, 2021 the estimated amount of expenses to be incurred by the Debtor is $41,903.00.

9. The SBA appears to have a valid, perfected, and enforceable lien and security

interest in the Debtor's assets, including all deposit accounts, accounts receivable, and proceeds and products therefrom (collectively, the "Prepetition Collateral"), that is senior to the Inventor's Lien. As the assignee of the SBA's lien and security interest, the Inventor holds the lien senior to the Inventor's Lien (collectively, the "Liens").

10. Good, adequate and sufficient cause has been demonstrated to justify the granting of the relief requested herein. The use of Cash Collateral is necessary to avoid immediate and irreparable harm to the Debtor's business and operations and maintain the value of its bankruptcy estate. The use of the Cash Collateral is therefore vital to the preservation and maintenance of the going concern value of the Debtor and its estate and will enhance the prospects for a successful reorganization of the Debtor under chapter 11 of the Bankruptcy Code. Based upon the foregoing, it is hereby

ORDERED, the Debtor is authorized to use Cash Collateral and all other accounts of the Debtor for working capital and general operations purposes costs and expenses related to this Chapter 11 Case which shall be limited to ordinary and necessary expenditures, in accordance with the budget attached hereto as Exhibit "A" (the "Budget"). The Inventor is entitled to adequate protection of his asserted interests in the Cash Collateral. The Inventor is hereby granted the following adequate protection (collectively, the "Adequate Protection"):

a. *Adequate Protection Lien*: To provide adequate protection for any diminution of value of the interests in the Collateral on account of the Debtor's use of the property subject to the Liens and the imposition of the automatic stay, the Inventor is hereby granted, pursuant to and as limited by sections 361 and 363 of the Bankruptcy Code, valid, binding, enforceable and automatically perfected liens and/or security interests (the "Adequate Protection Liens") in and upon all of the assets the Debtor presently owns or hereafter acquires,

including but not limited to all of the Debtor's now owned and after-acquired cash, and cash collateral, any investment of such cash and cash collateral, accounts receivable, any right to payment whether arising before or after the Petition Date, and the proceeds, products, rents and profits of all of the foregoing prepetition and post-petition assets and properties (tangible, intangible, real, personal and mixed), whether now existing or newly acquired or arising, and wherever located, including, without limitation, all receivables and all cash ("Cash Collateral") (but excluding all avoidance actions ("Avoidance Actions")) for the purposes of this Order to the same validity, extent and priority as existed pre-petition; provided that the Inventor's Adequate Protection Liens shall only be granted to the extent permitted under sections 361 and 363 of the Bankruptcy Code, to the extent that the Inventor would have been entitled to a security interest in such Cash Collateral under applicable agreements, state and federal laws, and only to the extent of the allowed amount of such lien calculated in accordance with section 506 of the Bankruptcy Code. The liens, pledges and security interests granted to the Inventor are in addition to, and not in substitution for, their existing security interests and liens.

      b.      *Super-priority Claim*: As further adequate protection for any diminution in value of its interests the property encumbered by the Liens on and the imposition of the automatic stay, the Inventor is hereby granted, pursuant to and as limited by sections 361, 363 and 507(b) of the Bankruptcy Code, super-priority administrative expense claims to the extent that the Adequate Protections Liens prove inadequate and with priority over all administrative expense claims and unsecured claims against the Debtor or its estate, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kind specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), 1113 and 1114 and any

other provision of the Bankruptcy Code (the "Adequate Protection Super-priority Claims"), provided, however, that the Adequate Protection Super-priority Claims shall not attach to any Avoidance Actions.

   d.  *Carve Out for Fees and Expenses*:  Any replacement liens, adequate protection liens, and super-priority claims granted hereunder are subject to the following fees, expenses, and recoveries:  any and all quarterly fees due to the Office of the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) and interest due pursuant to 31 U.S.C. § 3717, any fees due to the Clerk of the Bankruptcy Court pursuant to 28 U.S.C. § 156(c), the fees and expenses of a hypothetical Chapter 7 trustee to the extent of $10,000, the fees and expenses of proposed Debtor's counsel Ortiz & Ortiz LLP, if approved by the Court, to the extent of $50,000 ("Legal Fee Carve-Out"), and the recovery of funds or proceeds from the successful prosecution of avoidance actions pursuant to sections 502(d), 544, 545, 547, 548, 549, 550 or 553. The Legal Fee Carve-Out may not diminish the Inventor's right to a super-priority claim in the event that there is a diminution of the Inventor's interest in the Debtor's Collateral.

   e.  *Money Market Account Carve-Out*:  Notwithstanding anything set forth herein, the Adequate Protection Liens granted above shall not include any lien or other interest in and to Money Market Demand Account Number XXXXXXX5032 held at Pacific Western Bank ("Pac West Bank"), which account and all funds therein are subject a first priority security interest in favor of Pac West Bank, pursuant to a certain Pledge and Security Agreement dated as of April 24, 2017 by and between the Debtor and Pac West Bank.  It is further

  ORDERED, that the automatic stay provisions of section 362 are hereby modified to permit the Debtor to implement and perform the terms of this Order and permit the Inventor to perfect the Adequate Protection Lien.  The Inventor shall not be required to file UCC financing

statements or any other instruments with any filing authority to perfect the Adequate Protection Lien granted by this Order or to take any other actions to perfect the lien: the Adequate Protection Lien shall be deemed automatically perfected by the docketing of this Order by the Clerk of the Court.  If, however, the Inventor shall elect for any reason to file, record, or serve any such financing statements or other documents with respect to such liens, the Debtor shall execute the necessary documents upon request, and the filing, recording, or service of these documents shall be deemed to have been made at the time of the Petition Date. In particular, the Inventor may, in its discretion, file a certified copy of this Order in any jurisdiction in which Debtor has or comes to have real or personal property, and in such event, the subject filing/recording officer is hereby authorized and directed to file/record such certified copy. It is further

ORDERED, that each of the following shall constitute an "Event of Default" for the purposes of this Order:

> The Debtor's Chapter 11 Case is dismissed or converted to a case under chapter 7 of the Bankruptcy Code;
>
> A chapter 11 trustee or examiner with expanded powers is appointed in the Debtor's Chapter 11 Case;
>
> The Debtor ceases operations of its present business or takes any material action for the purpose of effecting the foregoing without the prior written consent of the Inventor, except to the extent contemplated by the Budget or otherwise approved by the Court;
>
> The Debtor expends any material amounts of funds or monies for any purpose other than those set forth in the Budget or as otherwise approved by the Court; and
>
> The Debtor fails to comply with any of the terms of this Order.

It is further

ORDERED, that any non-compliance or default with any term of this Order shall not be deemed an Event of Default unless the Inventor delivers written notice of such non-compliance or default to the Debtor's proposed counsel by electronically filing such a notice through the court's CM/ECF filing system in the instant Chapter 11 case and serving a copy by electronic mail upon counsel to the proposed counsel for the Debtor, Norma E. Ortiz, Ortiz & Ortiz LLP, 35-10 Broadway, Ste. 201, Astoria, New York 11106, at email@ortizandortiz.com, and the Debtor fails to cure the default within five (5) business days after counsel's receipt of such written notice.  Upon the occurrence of any Event of Default, the Inventor may move before this Court, on five (5) business days' notice to the Debtor, to terminate the Debtor's use of Cash Collateral.  It is further

ORDERED, that the funds disbursed pursuant to this Sixth Interim Order shall not, directly or indirectly, be used to pay administrative expenses of the Debtor and its estate except for those operating expenses that are set forth in the Interim Budget or with the written consent of the Inventor.  It is further

ORDERED, that the terms and conditions of this Order shall be (i) effective and immediately enforceable upon its entry by the Clerk of the Court notwithstanding any potential application of Bankruptcy Rules 6004(g), 7062, 9014 or otherwise; and (ii) not be stayed absent (a) an application by a party in interest for such stay in conformance with Bankruptcy Rule 8005 and applicable Local Rules, and (b) a hearing upon notice to the Notice Parties, the Inventor, the Office of the United States Trustee, and the Debtor's counsel.  It is further

ORDERED, that the provisions of this Order and any actions taken pursuant hereto shall survive entry of any orders which may be entered confirming any plan of

reorganization or which may be entered converting any of this Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code or the appointment of a chapter 11 trustee, subject to the provisions of the Bankruptcy Code.  It is further

ORDERED, that the terms and provisions of this Order, as well as the Adequate Protection Liens and all other claims and liens granted by this Order, shall: (a) continue in this Chapter 11 Case or any superseding case under the Bankruptcy Code; (b) be valid and binding upon, and inure to the benefit of, the Inventor, the Debtor, and their respective successors and assigns, and all parties in interest, including, without any limitation, any official committee appointed in this Chapter 11 Case, a chapter 11 trustee, chapter 7 trustee, responsible officer, examiner, estate administrator, or representative, or similar person appointed for the Debtor under any chapter of the Bankruptcy Code; and (c) continue, notwithstanding any dismissal of the Debtor's Chapter 11 Case (and any such order of dismissal shall so provide), and such claims and liens shall maintain their priority as provided by this Order until the Debtor's obligations to the Inventor are satisfied in full.  It is further

ORDERED, that the Court shall retain jurisdiction over all matters arising from or relating to the implementation of this Sixth Interim Order.  It is further

ORDERED, that the provisions of this Sixth Interim Order and the Debtor's right to use Cash Collateral shall expire on October 15, 2021, unless extended by further order of this Court or by written consent of the parties.

Dated: New York, New York
September 21, 2021

                                                   **/s/ Lisa G. Beckerman**
                                                 LISA G. BECKERMAN
                                                 U.S. BANKRUPTCY JUDGE