**SILVERMANACAMPORA LLP**
Attorneys for Kenneth P. Silverman, Esq.
  Chapter 11 Operating Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Anthony C. Acampora
Brian Powers
Justin S. Krell

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

CERTA DOSE, INC.,

                                Debtor.
---------------------------------------------------------x

Chapter 11

Case No. 21-11045 (LGB)

# CHAPTER 11 TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER BARRING DR. CALEB HERNANDEZ FROM TAKING ANY FURTHER ACTION IN CONNECTION WITH THE DEBTOR

      Kenneth P. Silverman, Esq., the chapter 11 operating trustee (the "Trustee") of the bankruptcy estate of Certa Dose, Inc. (the "Debtor"), submits this application (the "Application") seeking the entry of an order pursuant to sections 105(a) and 1106, of title 11, United States Code (the "Bankruptcy Code") and in furtherance of the Court's previously-entered "Order Approving the Appointment of Chapter 11 Trustee" dated December 3, 2021 (ECF No. 189), and granting the Trustee such other, further, and different relief as this Court deems just and proper, and respectfully represents the following:

## BACKGROUND

      1.     On May 30, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

      2.     On November 24, 2021, the Court entered an Order Directing the Appointment of a Chapter 11 Trustee in accordance with 11 U.S.C. §1104(a)(1) and (2) (ECF Doc. No. 179).

3. On December 2, 2021, the Office of the United States Trustee (the "UST") filed the Application for the Appointment of Kenneth P. Silverman as Chapter 11 Operating Trustee and Affidavit of Disinterestedness of the Trustee (ECF Doc. No.187). By Notice of Appointment dated December 2, 2021, Kenneth P. Silverman, Esq., was appointed the chapter 11 operating Trustee for this estate and continues to act in that capacity (ECF Doc. No. 186).

4. Jurisdiction over this proceeding is based upon 28 U.S.C. §§ 157(a) and 1334 of the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York. The statutory predicates for the Application are Bankruptcy Code §§ 105(a) and 1106.

5. This Court is the proper venue for this proceeding in accordance with 28 U.S.C. § 1409.

The Need for the Order

6. Dr. Caleb Hernandez ("Hernandez") is a principal of Debtor, which Hernandez founded in or around 2013.

7. As of the Petition Date, and ongoing through the date of the Trustee's appointment, Hernandez was the individual possessing all general and specific knowledge of the Debtor, the Debtor's operations, and the setup of the Debtor's business. Moreover, the Debtor's accounts, services agreements, software domain hosting and electronic communication systems, professional support systems, data management and backup, and similar systems were (and in certain cases still are) controlled directly or indirectly by Hernandez.

Hernandez's Operational Activities After the Trustee's Appointment

8. Since the Trustee's appointment on December 2, 2021, the Trustee has repeatedly attempted to obtain Hernandez's basic cooperation with Trustee and the Trustee's counsel, in order

for the Trustee to proceed even with respect to obtaining simple factual knowledge about the organization and different components of the Debtor's business.

9. Hernandez has, to date, filed numerous legal motions, and responded to motions by the Trustee. Of note, in Hernandez's response (ECF No. 279) to the Trustee's recent motion to convert this case to a matter under chapter 7 of the Bankruptcy Code, through counsel, Hernandez stated that:

> The Trustee's repeated assertions that the business is not operating is belied by the record. Since the Trustee's appointment until as recently as April 15, 2022, the Debtor has continued to manufacture and distribute its life-saving products to hospitals and pharmacies across the country using its existing system of third-party manufacturers and distributors.

(ECF No. 279, at ¶27).

10. The above concession is further bolstered by the further statement, in Hernandez's accompanying declaration, that "I have been asked to keep running operations, *which I have done*" (ECF No. 279-2, at ¶19), and the statement by Hernandez that "[d]espite the Trustee's assertions that Certa Dose is not operating, Certa Dose has continued to manufacture and distribute its life-saving products to hospitals and pharmacies across the country using its existing system of third-party manufacturers and distributors described above. As a result, there has been $357,000 generated in sales since December 2021. [. . .] Certa Dose had products manufactured as recently as April of 2022 and had orders fulfilled as recent as April 15, 2022." (ECF No. 279-2, at ¶13).

11. Neither the Trustee nor any agent or professional of the Trustee had, at any point, "asked" Hernandez to "keep running operations." In fact, neither the Trustee nor the Trustee's professionals were aware that the Debtor's operations were ongoing until the Trustee finally obtained access to Hernandez's e-mail account through a third-party Rule 2004 subpoena. Hernandez's e-mails, as well as additional documents uncovered by the Trustee, confirmed that

Hernandez had been continuing to run operations, without the Trustee's knowledge or consent, and continued to incur administrative expenses on behalf of the Debtor.  *See* Declaration of Nat Wasserstein, ECF Doc. No. 275; Declaration of Brian Powers, ECF Doc. No. 278.

## RELIEF REQUESTED

12. Pursuant to Bankruptcy Code §1106, upon his appointment the Trustee became the sole party authorized to act on behalf of the Debtor and its estate.  Accordingly, Hernandez no longer has any authority to act on behalf of the Debtor without the consent of the Trustee.

13. However, as described above, Hernandez's continued activities have obstructed the Trustee in the fulfillment of his statutory duties and has rendered the Trustee unable to control the Debtor and its operations.

14. Accordingly, in order to ensure that the Trustee may continue his duties unimpeded, the Trustee requires the Court to enter an order preventing Hernandez from continuing any activities on behalf of or related to the Debtor.

15. No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order substantially in the form annexed hereto as **Exhibit A**, and granting such other and further relief as may be deemed just and proper.

Dated: Jericho, New York
      April 27, 2022

                                                              **SILVERMANACAMPORA LLP**
                                                              Attorneys for Kenneth P. Silverman, Esq.,
                                                              Chapter 11 Operating Trustee

                                                               */s/ Brian Powers*
                                                              Brian Powers
                                                              100 Jericho Quadrangle, Suite 300
                                                              Jericho, New York 11753
                                                              (516) 479-6300